WILLIAM A. CRUTCHFIELD, plaintiff in error, *vs.* JOHN P. CALLAWAY *et al.*, defendants in error.

Crutchfield sued out an attachment against Callaway & Small for the purchase money of a horse and buggy in the possession of the defendants. More than twenty days before the return term of the attachment, he filed in the clerk's office a declaration, not referring to the attachment, against Callaway, Small & Muntfort, as acceptors of a bill of exchange, and O. T. Muntfort, drawer; process was annexed and Small served, and the others returned not to be found.   No declaration was filed in the attachment proper, but the plaintiff caused a notice to be served on Small, that the atment was pending, and that a declaration was filed.   This notice was directed to Callaway, Small & Muntfort, and contained an indorsement by the sheriff that Callaway was not to be found.   Callaway & Small replevied the property.   Small filed a plea to the declaration against Callaway, Small & Munfort, and Muntfort as drawer.   The jury found a verdict against Callaway, Small & Muntfort, and against the securities on the replevy bond :

*Held*, that it was not error in the judge to arrest the judgment, as the verdict did not conform either to the attachment or tothe declaration which was sued out regularly and served.

Judgments. Verdict. Attachment. ˙Before Judge HILL. Bibb Superior Court. October Term, 1874.

The facts of this case are fully stated in the above head-note.

A. PROUDFIT, by SAMUEL HALL, for plaintiff in error.

C. B. WOOTEN, by WHITTLE & GUSTIN, for defendants.

McCAY, Judge.

It is impossible to draw any thread through this judgment, and the pleadings and proceedings in either branch of them before the judgment, so as to make. it harmonize with them. If the case is to be treated as an ordinary suit then the judgment against the security on the replevin bond is wholly outside of the pleadings.. If the case is to be treated as an attachment then there was no declaration filed. We do not say that the plaintiff is without a remedy; all we decide is that his judgment is irregular, so defective as that it has no foundation in the pleadings. We think the court was right in arresting the judgment, leaving it to the plaintiff to take such steps in the future as he may, under his pleadings, have a right to take, and to apply for such amendments as he may have a right to have.

Judgment affirmed.